DREW, Justice.
The petition for writ of certiorari in this case controverts an order of the-Florida Public Service Commission denying, a petition for a ten percent increase in intrastate switching rates. '
The commission found, upon the record evidence, “that the rates being charged for switching services are not high enough to pay for the cost of the performance of the-service. * * * Even the requested increase would not make the present rates compensatory.” The increase was denied, however, because of the apparently good financial condition of the applicants in their overall operation.
Petitioners’ first contention is that the commission, under the statutory mandate to establish just and reasonable rates,[1] erred in rejecting the compensatory basis for rate determination and concluding that the rate prescribed for the class of service in question need not be related to the cost of performance of that service. In the situation presented that conclusion was in our opinion improper and not within the ambit of the decisions cited in the order.[2]
We think the better reasoned precedent is to the effect that the principle applied by the commission exceeded “the flexible limit of judgment which belongs to the power to fix rates, that is, transcended the limits of just classification and amounted to the creation of favored class or classes whom the carrier was compelled to serve at a loss,' to the detriment of other class or classes upon whom the burden of such loss would fall, [and] that such legislation would be so inherently unreasonable as to .constitute a violation of the due process and equal protection clauses. * * * ” [3] With *319 reference to the analogous problem of freight classification for rate purposes, this Court recognized in the case of State ex rel. Railroad Com’rs v. F.E.C. Ry. Co., 72 Fla. 379, 73 So. 171, that a reasonable return on total earnings of a carrier “would not justify an order requiring it to carry one class of freight * * * for less than a reasonable rate.”
In the absence of any showing of a contravening public necessity, we conclude that upon the record before us the writ should issue, the order of the commission be quashed and the cause remanded with directions that the application be granted.
It is so ordered.
THORNAL, C. J., and THOMAS, O’CONNELL and ERVIN, JJ., concur.

. F.S. Sec. 350.07, .39, F.S.A. The Order of the commission described the petitioners’ application as one for “approval of a ten per cent increase in their intrastate switching rates or charges for intra-plant,-intra-terminal or inter-terminal tnove-.ments or movements in connection with line-haul transportation when such charg-. es are paid by consignor or consignee; .• except that the foregoing' will not apply on switching rates or charges on shipments billed to move 'without interruption in connection with ■ prior or subsequent line-haul movement when .such Charges aré absorbed in whole or in part by the line-haul carrier.”

. Atchison, Topeka and Santa Fe Railroad Company et al. v. Public Utilities Commission (1920), 68 Colo. 92, 188 P. 747; New York, C. & St. L. R. Co. v. Public Service Comm. of Indiana et al. (1936) 209 Ind. 466, 199 N.E. 573.

. Northern Pacific Ry. v. State of North Dakota, 236 U.S. 585, 602, 35 S.Ct. 429, 436, 59 L.Ed. 735, quoting from Atlantic Coast Line RR. v. North Carolina Corp. Comm., 206 U.S. 1, 27 S.Ct. 585, 51 L. Ed. 933. See also Brownsville Navigation District v. St. Louis, B. & M. Ry. Co., 274 I.C.C. 5, 16 (1949); Increased Switching Charges at Memphis, Tenn., *319 308 I.C.C. 5, 15 (1959); Switching Charges at Detroit, Mich., 301 I.C.C. 75, 81-82 (1957); Switching Increases at Houston and Eagle Pass, 311 I.C.C. 267, 279 (1960); and Sonken-Galamba Corp. v. Chicago & A. R. Co., 181 I.C.C. 229 (1932).